UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

**FILED**

MAY 2 0 2003

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

|  |  |  |
|---|---|---|
| RONALD DAVIS-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:02-CV-0071-ERW |
| | ) | |
| TERESA THORNBURG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Ronald Davis-Bey for leave to commence this action without payment of the required filing fee. Upon review of plaintiff's certified account statement, the Court will assess plaintiff an initial partial filing fee of $2.33. In addition, because plaintiff's allegations are frivolous or fail to state a claim or both, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial



filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. <u>See</u> 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. <u>Id.</u>

Applicant has submitted an affidavit and a certified copy of his prison account statement. <u>See</u> 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $11.67, and an average monthly account balance of $5.27. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.33, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Conley v. Gibson</u>, 355 U.S.

41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a state prisoner currently confined at the Moberly Correctional Center ("MCC"), seeks injunctive and monetary relief pursuant to 42 U.S.C. § 1983. Named as defendants are Gary Kempker (the Director of the Missouri Department of Corrections), Teresa Thornburg (a MCC superintendent), Tony Gammon (a MCC superintendent), Peg Nooster (a MCC psychologist), Joe Miller (a Department of Corrections psychologist), R. Overall (a MCC corrections officer), the Honorable Carol E. Jackson (Chief United States District Judge for the Eastern District of Missouri), the Honorable Ralph Jaynes (a state Circuit Court Judge for Randoph County, Missouri), C. Leanard (a MCC corrections officer), James Woodward (Clerk of Court for the United States District Court for the Eastern District of Missouri), Andrew Hassell (a Missouri assistant attorney general), Rodney Sippel (United States District Judge for the Easter District of Missouri), Cindy Baker (a MCC caseworker), Tim Stacey (a MCC caseworker), and Larry Cole (a MCC caseworker). Plaintiff alleges,

3

among other things, that prison authorities have discriminated against him, withheld mental health treatment, and denied him due process and access to the courts. Plaintiff further alleges that state and federal judicial officers have violated his federally protected rights regarding cases he has filed in their respective courts.

## Discussion

**Defendants Gammon, Nooster, Miller, Baker, Stacey, Overall, Leanard, Thornburg, Kempker**[1]

Plaintiff alleges that on or after July 11, 2002, defendant Gammon instructed defendants Nooster and Miller to "deprive him of mental health treatment" and defendants Baker, Stacey, Overall, Leanard, and Thornburg to "punish, harrass [sic] and separate plaintiff from his friends." Plaintiff further alleges that on October 4, 2002, defendant Gammon had plaintiff escorted to his office and was "threatened" and "verbally abused" by these defendants. Specifically, plaintiff states that an unidentified defendant(s) informed him that "he had no rights" and called him a "black nigger booty bandit predator." Plaintiff alleges that on November 7, 2002, he informed defendant Kempker of white inmates conspiring against him resulting in this wrongful placement in administrative segregation. Plaintiff states that on November 4, 2002, defendant Baker, on the orders of defendant

---

[1]The Court notes that plaintiff has made no allegations in the complaint as to defendant Larry Cole, MCC caseworker. Therefore, the complaint is frivolous as to this defendant. See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985)

4

Gammon, searched his cell for one hour and twenty minutes and confiscated legal documents.

The Court finds that plaintiff's allegations against these defendants fail to state a claim. Specifically, plaintiff's claim regarding the denial of mental health treatment, without more, does not state a claim. Plaintiff has neither alleged that he has a serious medical need nor how the defendants have been deliberately indifferent to its treatment. See Estelle v. Gamble, 429 U.S. 97 (1976). Although the Court must give a pro se complaint the benefit of a liberal construction, it will not supply facts or claims that have not been alleged. Similarly, plaintiff's claims that he has been separated from his friends, harassed, threatened, and verbally abused do not rise to a constitutional violation. Thompson v. IMR Adjustment Committee, 99 F.3d 1144, Table, 1996 WL 563883 (8th Cir. 1996) (unpublished) (inmate has no right to cellmate of his choice); Burton v. Livingston, 791 F.2d at 100 (8th Cir. 1986) ("rough language" resulting only in "bruised feelings" not actionable under section 1983). Regarding his placement in administrative segregation, plaintiff does not allege, nor does his allegations indicate, that such punishment constitutes an "atypical and significant hardship" on him in relation to ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472, 484 (1995). Finally, plaintiff's claim regarding the searching of his cell and the removal of legal documents also fails to state a claim. Plaintiff has no reasonable expectation of privacy in his cell and the fourth amendment does not protect him against even unreasonable searches. Hudson v. Palmer, 468 U.S. 517, 525-26 (1984). Also, plaintiff does not allege that the

5

seizure of his legal documents has prejudiced him in any court proceeding.  See Lewis v. Casey, 518 U.S. 343, 351 (1996).

**Defendants Jackson and Sippel**

Plaintiff alleges that defendant Jackson violated his rights by assessing an initial partial filing fee against him and dismissing his civil rights action.  See Davis v. Agniel, No. 2:02-CV-50-CEJ (E.D. Mo.).  Plaintiff further alleges that defendant Sippel violated his rights by dismissing his federal writ of habeas corpus and "assessed charges against plaintiff to pay cost."  See Davis v. Rowley, No. 4:02-CV-696-FRB (E.D. Mo.).

Because Judges Jackson and Sippel are "federal actors" and not "state actors," § 1983 is not applicable.  Even construing these claims as Bivens-type[2] claims for injunctive and monetary relief, they are frivolous as to these defendants for at least two reasons. First, plaintiff is challenging rulings by the defendants that were unfavorable to him.[3]  If plaintiff believes that these rulings were incorrect, his recourse is to file an appeal and not to bring a civil action against these judges.[4]  Second, federal judges have absolute immunity against

---

[2]Damage claims against federal officers for the violation of constitutional rights are brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

[3]The Court notes that plaintiff's assertion that defendant Sippel assessed costs against him in Cause No. 4:02-CV-696-FRB is factually incorrect.  Defendant Sippel dismissed plaintiff's petition for writ of habeas corpus without prejudice and denied him a certificate of appealability but assessed no costs against him.

[4]The Court notes that plaintiff has in fact appealed both of the cases to the Eighth Circuit Court of Appeals without success.  See Davis-Bey v. Rowley, No. 02-2573, certificate of appealability denied, (8th Cir. June 26,  2002); and Davis v. Agniel, No. No.

6

injunctive relief and money damages in a Bivens actions. See Butz v. Economou, 438 U.S. 478 (1978); Bolin v. Story, 225 F.3d 1234 (11th Cir. 2000).

**Defendant Woodward**

Again, because defendant Woodward is a "federal actor" and not a "state actor," § 1983 does not apply to him. Thus, the Court will construe plaintiff's claims against this defendant as Bivens-type claims. Plaintiff alleges that defendant Woodward allowed a deduction to be taken from his prison account to pay a partial filing fee in Davis v. Agniel, No. 2:02-CV-50-CEJ (E.D. Mo.), even though his account balance was below $10.00. A review of Cause No. 2:02-CV-50-CEJ indicates that plaintiff has not paid the initial partial filing fee assessed against him. It is the policy of this Court to advise the Department of Corrections to begin collecting month filing fee installments only after plaintiff has paid the initial partial filing fee. A review of the case file indicates that not only has no initial partial filing fee been paid but that plaintiff has never paid the initial partial filing fee as ordered by this Court. Moreover, even if this Court had advised the Department of Corrections to begin installment collections pursuant to 28 U.S.C. § 1915(b)(2), neither the Court nor defendant Woodward has control over how the Department of Corrections deducts the filing fee installments. Finally, defendant Woodward would enjoy absolute immunity in carrying out any order of the Court. See Martin v. Hendren, 127 F.3d 720, 721 (8th Cir. 1997). Therefore, the complaint as to defendant Woodward is frivolous.

---

03-1340, appeal dismissed for failure to prosecute, (8th Cir. Mar. 25, 2003).

7

**Defendants Jaynes and Hassell**

Plaintiff alleges that defendant Jaynes, a state court judge, violated his rights when he dismissed plaintiff's state court habeas action and assessed costs against him. Plaintiff alleges that defendant Hassell was aware of defendant Jaynes's order "but chose to permit the plaintiff to suffer these irreparable injury harm and damage in his being denied access to the court." Because defendant Jayne is a judge, he is absolutely immune from a suit for monetary damages brought pursuant to § 1983. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). To the extent that plaintiff seeks other relief against defendant Jaynes because of his rulings, such relief is barred under the Rooker-Feldman doctrine. Federal courts generally lack jurisdiction to review state court determinations. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Regarding defendant Hassell, plaintiff's complaint against him is frivolous. Plaintiff's allegation that defendant Hassell was aware of defendant Jaynes' rulings does not indicate a violation of plaintiff's federally protected rights.

**Conspiracy claims**

Plaintiff's conspiracy claims regarding denial of access to courts, equal protection, religious freedom, due process, and his name are without merit. Plaintiff's allegations are broad and conclusory lacking an arguable basis in fact. See Holbird v. Armstrong-Wright, 949 F.2d 1019, 1020 (8th Cir. 1991) (complaint subject to dismissal under section 1915(d) if allegations of conspiracy are inadequate); Smith v. Bacon, 699 F.2d 434, 436 (8th Cir.

8

1983) (allegations must at least include that "'defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding'" and provide some facts suggesting a meeting of minds) (citations omitted).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk receive and file the complaint in this action without prepayment of the required filing fee. See 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $2.33 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this order and memorandum.

Dated this 20ᵗʰ day of ___May___, 2003.

_____
UNITED STATES DISTRICT JUDGE

9

UNITED STATES DISTRICT COURT - EASTERN MISSOURI
INTERNAL RECORD KEEPING


AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED, FAXED AND/OR MAILED TO THE
FOLLOWING INDIVIDUALS ON 05/21/03 by kklein
                    2:02cv71     Davis vs Thornburg

42:1983 Prisoner Civil Rights

IF THIS IS A FINAL JUDGMENT YOU MUST SEND THE APPEAL PROCESS LETTER AND
AN APPEAL PACKET TO PLAINTIFF.

Ronald Davis - W/FRAP letter & motion to proceed I/P on Appeal
#40308
Potosi Correctional Ctr.
PCC
P.O. Box 2222, R.R. 2
Mineral Point, MO  63660

FINANCIAL

SCANNED & FAXED BY
MAY 21 2003
KH